**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAUL ENRIQUE AMAYA-PINEDA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70464

Agency No. A200-686-822

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Raul Enrique Amaya-Pineda, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion for a continuance and

denying his application for asylum, withholding of removal, and relief under the

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We grant the petition for review and remand.

The IJ abused his discretion by denying Amaya-Pineda's motion for a continuance without explaining the basis for this decision. *See* 8 C.F.R. § 1003.29 ("The Immigration Judge may grant a motion for continuance for good cause shown."); *see also Ahmed*, 569 F.3d at 1014 (finding that factors favored the grant of a continuance, and there was no indication that the IJ weighed the factors or gave any consideration to whether good cause existed). Thus, we grant the petition for review and remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of this disposition, we do not reach the agency's denial of asylum, withholding of removal, and CAT relief.

The government must bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**